# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES W. HART,

            Plaintiff,

    -vs-                               Case No.   11-cv-0582

WARDEN LARRY JENKINS,
SGT. JANET DAGGETT, and
SGT. TERRY KROMBOS,

            Defendants.

# DECISION AND ORDER

On November 8, 2011, the defendants filed a motion for summary judgment; they argue that the plaintiff failed to exhaust his administrative remedies. Since that time, the plaintiff has filed a motion to appoint counsel and a motion requesting that this court dismiss the defendants' motion for summary judgment, which will be treated as the plaintiff's response to the defendants' motion for summary judgment. After the defendants filed their reply materials, the plaintiff filed another brief and affidavit in opposition on December 20, 2011. The defendants have moved to strike the plaintiff's December 20, 2011, affidavit and brief, and the plaintiff filed a motion to strike the defendants' motion to strike. All of these motions are currently before the Court.

In his motion to dismiss the defendants' motion for summary judgment (Docket

No. 24), the plaintiff does not seek any relief other than the denial of the defendants' motion for summary judgment. Accordingly, the plaintiff's motion will be denied, and the motion and brief will be construed as the plaintiff's response to the defendants' motion.

Additionally, motions to strike are disfavored, and the Court will deny both of them (Docket Nos. 32 and 33). Although the Court did not expressly authorize a surreply, the plaintiff's affidavit and brief provide relevant information. They will be considered as part of the plaintiff's response to the defendants' motion for summary judgment. In their motion to strike, the defendants ask for a final opportunity to reply to the plaintiff's affidavit and brief, but that request will be denied.

Finally, the plaintiff filed a motion to appoint counsel, along with letters from three attorneys declining to take his case. The plaintiff argues that he cannot properly investigate the defendants and that the issues in this case are too complex. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). The plaintiff has satisfied the threshold matter of showing his reasonable attempt to secure private counsel. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Thus, the Court must consider whether, given the difficulty of the case, the plaintiff appears competent to try the case himself and, if not, whether the presence of counsel would likely make a difference in

the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The plaintiff competently responded to the defendants' motion for summary judgment and has been successful in communicating his factual and legal arguments to the Court. At this time, the Court concludes that the plaintiff appears competent to litigate this case and will deny the motion to appoint counsel.

The Court will now turn to the defendants' motion for summary judgment.

## I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## II. FACTS[1]

The plaintiff, Charles W. Hart, is a state prisoner who was incarcerated at Fox Lake Correctional Institution (Fox Lake) and then transferred to Dodge Correctional Institution (Dodge) during the time period relevant to this case. Defendant Larry Jenkins is the Warden at Fox Lake, and defendants Janet Daggett and Terry Krombos were both correctional officers at Fox Lake with the rank of sergeant during the relevant time period.

**A. Background**

On or about November 4, 2010, the plaintiff wrote to Jenkins and informed him of sexual behavior and other misconduct by Daggett. The letter requested that the plaintiff speak to Captain Maxwell about sexual behavior and other things and how it affected the plaintiff. On November 5, 2010, the plaintiff was interviewed by Captain Maxwell, a State Investigator for the Wisconsin Department of Corrections (DOC), and Dodge County Sheriff Detective D. Steimsma. During the interview, the plaintiff gave a recorded statement. Additionally, the Dodge County detective told the plaintiff not to tell or talk to anyone about

---

[1] The Facts are taken from the defendants' proposed findings of fact, along with the supporting affidavits and exhibits, and the plaintiff's affidavits.

4

the sexual assault and the ongoing investigation of Daggett.

The next day, November 6, 2010, the plaintiff was secretly transferred from Fox Lake to Dodge and placed in the segregation unit for fifty-one days under protected custody. While in isolation at Dodge, no one from Fox Lake contacted the plaintiff about filing an inmate complaint.

**B. Inmate Complaint Review System**

The DOC maintains an Inmate Complaint Review System (ICRS) in Wisconsin adult correctional facilities. The purpose of the ICRS is to afford inmates in adult institutions a process by which grievances may be expeditiously raised, investigated, and decided. Consistent with Wisconsin Administrative Code § DOC 310.05, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before they may commence a civil action or special proceeding against an officer, employee, or agent of the DOC in that person's individual or official capacity.

An inmate begins the ICRS complaint process by filing a complaint with the institution complaint examiner at his or her institution, consistent with the provisions of § DOC 310.09. The institution complaint examiner reviews and investigates the inmate complaint at the institution level, within the parameters set forth in § DOC 310.11. The institution complaint examiner makes a recommendation on the complaint to the appropriate reviewing authority, which is the warden, bureau director, administrator, or designee who is authorized to review and decide an inmate complaint at the institution level.

If an adverse decision on an ICRS offender complaint has been made by the appropriate reviewing authority under § DOC 310.12, the inmate may appeal the institution level decision by filing a written request for review with the office of the Corrections Complaint Examiner (CCE). *See* Wis. Admin. Code §§ DOC 310.07(4), (6) and (7) and § DOC 310.13. The final step in the appeal process, after the decision of the CCE, is an appeal to and decision by the Office of the Secretary, as set forth in §§ DOC 310.07(7) and 310.14.

Some inmate complaints are rejected at the institution level, pursuant to § DOC 310.11(5), for particular reasons specified in that part of the Wisconsin Administrative Code. Pursuant to § DOC 310.13(3), the CCE does not review a rejected complaint. In those situations, the appropriate reviewing authority at the institution level shall only review the basis for the rejection of the complaint, according to § DOC 310.11(6).

Welcome Rose, a CCE, has diligently searched and examined the regularly conducted business records of her office, specifically with respect to inmate complaints and appeals filed by the plaintiff. Rose found that the plaintiff did not file any offender complaints regarding the subject matter of this lawsuit.

### III. DISCUSSION

The defendants submit that they are entitled to summary judgment because it is undisputed that the plaintiff did not file an offender complaint within the ICRS and, therefore, the plaintiff did not exhaust his administrative remedies before bringing this

6

lawsuit. In the alternative, the defendants ask that the Court conduct a hearing on the exhaustion issue and stay discovery on the merits of the plaintiff's claims until the exhaustion issue is resolved.

The plaintiff argues that he was secretly transferred from Fox Lake to Dodge and was unable to file an inmate complaint regarding Daggett's actions because: (1) he was no longer at Fox Lake; and (2) he was in the segregation unit and did not have access to paper and pens. The plaintiff also argues that he did not file an inmate complaint because he was instructed by the detective who interviewed him on November 5, 2010, not to tell or talk to anyone about the matter. Essentially, the plaintiff's argument is that the ICRS was unavailable to him regarding this claim.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(e). It is a defendant's burden to establish that a plaintiff has failed to exhaust administrative remedies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

"Inmates are not required to exhaust all administrative remedies - only those that are available." *Wilder v. Sutton*, 310 Fed. Appx. 10 (7th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 102, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Examples of when administrative remedies are not available

7

include: (1) "if grievances must be filed on a particular form, but the forms are not provided;" (2) "threatening a prisoner with violence for attempting to use an administrative process;" (3) "if a prisoner is told to wait to file a grievance, and that wait makes the claim untimely;" and (4) not responding to a prisoner's grievance or engaging in affirmative misconduct. *Wilder*, 310 Fed. Appx. at 13 (citations omitted). The court focuses on "whether the plaintiff did all he could to avail himself of the administrative process. If he followed the prescribed steps and could do nothing more, the available remedies were exhausted." *Id.*

In *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Seventh Circuit set forth the sequence to be followed in a case in which exhaustion is contested:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating only to exhaustion he deems appropriate; (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the plaintiff's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted administrative

remedies.

Further, the court emphasized that in the ordinary case, discovery with respect to the merits should be deferred until the issue of exhaustion is resolved in order to achieve the statutory goal of sparing federal courts the burden of prisoner litigation unless and until a prisoner has exhausted his administrative remedies. *Id.*

After *Pavey* was remanded and an evidentiary hearing was held, the district judge "resolved the factual disputes in favor of the defendants and, accordingly, dismissed Pavey's suit for failure to exhaust;" Pavey appealed again and the Seventh Circuit considered whether the court's findings were clearly erroneous. *Pavey v. Conley*, 663 F.3d 889, 901 (7th Cir. 2011). In this decision, the Seventh Circuit determined that participating in an internal affairs investigation does not exhaust a prisoner's available administrative remedies under § 1997e(a). *Id.* at 905-06. Relying on reasoning from the Sixth and Ninth Circuits, the court concluded:

> If a prisoner can be required to submit his grievance in the particular manner and within the precise time period designated by the prison's administrative procedures, then he must also be required to present his grievance in the proper forum.

*Id.* at 906. However, the court went on to ask:

> But what if prison officials misled Pavey into thinking that by participating in the internal affairs investigation, he had done all he needed to initiate the grievance process? An administrative remedy is not "available," and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it.

9

*Id.* (citations omitted). At that point in the *Pavey* litigation, the district court had already conducted an evidentiary hearing and found that the plaintiff's testimony did not support his assertions. Nevertheless, it is into this legal window regarding availability that the plaintiff's claim may fall if the plaintiff was instructed not to tell or talk to anyone about his claims against Daggett. Also in dispute is whether the ICRS was available to the plaintiff while he was in the segregation unit at Dodge and, even if it was, whether the plaintiff could file an offender complaint at Dodge regarding events that had occurred at Fox Lake.

The Court will deny the defendants' motion for summary judgment at this time, but it will conduct a *Pavey* hearing to resolve the factual disputes regarding exhaustion in this case and stay discovery on the merits of the case until the exhaustion issue is resolved.

## IV. ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion requesting this court to dismiss the defendants' motion for summary judgment (Docket #24) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to strike plaintiff's affidavit and brief in opposition (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike defendants' motion to strike plaintiff's affidavit and brief in opposition (Docket #33) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #23) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment for failure to exhaust remedies (Docket #17), at this time, is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay discovery (Docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will conduct a telephonic scheduling conference on **April 10, 2012, at 10:00 A.M.,** 2012, to set a date for the evidentiary hearing regarding the plaintiff's exhaustion of his administrative remedies. The Court will initiate the call.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**