# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

CHARLES W. HART,

                    Plaintiff,


          -vs-                                    Case No.    11-cv-0582

WARDEN LARRY JENKINS,
SGT. JANET DAGGETT, and
SGT. TERRY KROMBOS,

                    Defendants.

---

## DECISION AND ORDER

---

The Court held a hearing on August 30, 2012, to determine whether the plaintiff exhausted his administrative remedies before filing suit. After the hearing, the parties briefed the issue, and the plaintiff filed a motion for summary judgment. This matter is now before the Court for a decision.

The Court finds that administrative remedies were available to the plaintiff, and he should have filed an inmate complaint some time between being advised that the investigation was complete and filing this action even if he was instructed not to discuss the investigation. Therefore, the plaintiff's claims will be dismissed without prejudice for failure to exhaust his administrative remedies. This conclusion renders the plaintiff's motion for summary judgment moot.

# FINDINGS OF FACT

In October or November of 2010, the plaintiff, Charles W. Hart, received a conduct report for possessing tobacco, which is contraband. In the course of that conduct report being investigated, Hart disclosed to correctional officials that he had been sexually assaulted by defendant Janet Daggett

Daniel Stiemsma is a detective with the Dodge County Sheriff's Department. His primary area of responsibility is as a prisoner investigator for the four prisoners located within Dodge County. In November 2010, Detective Stiemsma was called upon to assist Captain Clyde Maxwell with an investigation into Hart's allegations about Daggett. Detective Stiemsma interviewed Hart on November 4, 2010, and November 9, 2010. Captain Maxwell also was present for the first interview. Neither Detective Stiemsma nor Captain Maxwell told Hart not to file an inmate complaint about Daggett's actions. However, Captain Maxwell testified that they told Hart not to discuss the investigation.

On November 5, 2010, Hart was transferred to Dodge Correctional Institution. He was placed in segregation there due to the disposition of his conduct report and he later was transferred to Racine Correctional Institution.

On January 17, 2011, Detective Stiemsma sent a letter advising Hart that the District Attorney was not going to prosecute Daggett regarding this criminal investigation and that the investigation was closed.

The Wisconsin Department of Corrections maintains an Inmate Complaint

2

Review System (ICRS) in Wisconsin adult correctional facilities. *See* Wis. Admin. Code § DOC 310.05. In order to use the ICRS, an inmate must file a complaint with the institution complaint examiner (ICE) within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). However, complaints submitted later than 14 days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6).

Hart never filed an inmate complaint at any institution regarding Daggett's actions. On June 17, 2011, Hart filed a complaint under 42 U.S.C. § 1983, initiating this action.

## ANALYSIS

"A prisoner may not bring a federal suit about prison conditions unless he first has exhausted all available remedies." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) (citations omitted); 42 U.S.C. § 1997e(e). "Inmates are not required to exhaust all administrative remedies - only those that are available." *Wilder v. Sutton*, 310 Fed. Appx. 10 (7th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 102, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Court focuses on "whether the plaintiff did all he could to avail himself of the administrative process. If he followed the prescribed steps and could do nothing more, the available remedies were exhausted." *Wilder*, 310 Fed. Appx. at 13.

3

In *Pavey v. Conley*, 663 F.3d 889, 901 (7th Cir. 2011), the Seventh Circuit determined that participating in an internal affairs investigation does not exhaust a prisoner's available administrative remedies under § 1997e(a). *Id.* at 905-06. However, the court went on to ask:

> But what if prison officials misled Pavey into thinking that by participating in the internal affairs investigation, he had done all he needed to initiate the grievance process? An administrative remedy is not "available," and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it.

*Id.* at 906 (citations omitted).

In this case, Hart was not misled into thinking that his participation in the investigation satisfied his exhaustion requirements. While he believed that the instruction not to talk to anyone about the investigation meant that he should not file an inmate complaint, that does not explain why he never filed an inmate complaint after he was informed in January 2011 that the investigation was complete. At some point before he filed this lawsuit in June 2011, the plaintiff should have tried to exhaust his administrative remedies.

The plaintiff suggests that it would have been futile to file an inmate complaint at that point because it was more than fourteen days after days after the occurrence giving rise to the complaint. However, there is no "futility" exception to a prisoner's duty to exhaust. *Fletcher v. Menard Corr. Center*, 623 F.3d 1171, 1173 (7th Cir. 2010). "No one

4

can *know* whether administrative requests will be futile; the only way to find out is to try."

*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536-37 (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)) (emphasis in original). Complaints submitted later than 14 days after the event may be accepted for good cause, Wis. Admin. Code § DOC 310.09(6). Hart failed to try to submit an inmate complaint once he was advised that the investigation was complete, and that failure means that his case is dismissed without prejudice for failure to exhaust administrative remedies.

   **NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

   1. This matter is **DISMISSED** without prejudice;

   2. Plaintiff's motion for summary judgment (Docket #41) is **DENIED**; and

   3. Judgment shall be entered in favor of the defendant Milwaukee County.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2013.

      SO ORDERED,

      **HON. RUDOLPH T. RANDA**
      **U. S. District Judge**

5